http://www.va.gov/vetapp16/Files3/1621761.txt

Citation Nr: 1621761 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-26 793 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Montgomery, Alabama

THE ISSUES

1. Entitlement to an initial disability rating greater than 20 percent for service-connected status post right knee anterior cruciate ligament (ACL) reconstruction and partial meniscectomy based on recurrent subluxation or lateral instability.

2. Entitlement to an initial disability rating greater than 10 percent for service-connected status post right knee ACL reconstruction and partial meniscectomy based on limitation of flexion.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

D. Orfanoudis, Counsel
INTRODUCTION

The Veteran served on active duty from February 2000 to July 2007.

This appeal to the Board of Veteran's Appeals (Board) arose from a January 2008 rating decision in which the RO, inter alia, granted service connection for status post right knee ACL reconstruction and partial meniscectomy, and assigned an initial 10 percent disability rating, effective as of July 27, 2007. In October 2008, the Veteran filed a notice of disagreement (NOD). Thereafter, the RO issued a statement of the case (SOC) in May 2010, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals ) in June 2010. 

During the pendency of this appeal, by rating action dated in December 2013, the RO awarded a separate 10 percent disability rating for service-connected status post right knee ACL reconstruction and partial meniscectomy with painful range of motion. 

In March 2015, the Board, inter alia, granted an initial 20 percent disability rating for the Veteran's service-connected status post right knee ACL reconstruction and partial meniscectomy based on recurrent subluxation or lateral instability; but denied a disability rating greater than 10 percent for the service-connected status post right knee ACL reconstruction and partial meniscectomy based on limitation of flexion.

The Veteran appealed the March 2015 Board decision to the United States Court of Appeals for Veterans Claims (Court). In December 2015, the Court granted the parties' joint motion for partial remand (Joint Motion), vacating those portions of the March 2015 decision in which the Board denied an initial rating in excess of 20 percent for service-connected status post right knee ACL reconstruction and partial meniscectomy based on recurrent subluxation or lateral instability, and denied a disability rating greater than 10 percent for the service-connected status post right knee ACL reconstruction and partial meniscectomy based on limitation of flexion. Thereafter, these matters were returned to the Board for further proceedings consistent with the Joint Motion.
This appeal is now being processed utilizing the Veterans Benefits Management System (VBMS)) and Virtual VA paperless, electronic claims processing systems. 

For the reasons expressed below, the claims on appeal are being remanded to the agency of original jurisdiction (AOJ). VA will notify the Veteran when further action, on his part, is required.

REMAND

In light of points raised in the Joint Motion, and review of the electronic claims file, the Board finds that further action on the matters on appeal is warranted, even though such will, regrettably, further delay an appellate decision on these matters.

In the Joint Motion filed with the Court in this case, the parties to the appeal (the Veteran, through an attorney with the National Veterans Legal Services Program, and the Secretary, through an attorney with VA's Office of General Counsel ) agreed that the Board's March 2015 decision should be vacated and remanded, to the extent described previously, because the Board failed to provide adequate reasons and bases for its determination that the Veteran was not entitled to separate disability ratings under Diagnostic Code 5258, which provides for a 20 percent disability rating for dislocated semilunar cartilage with frequent episodes of "locking," pain, and effusion into the joint; or Diagnostic Code 5259 which provides for a 10 percent disability rating for symptomatic removal of the semilunar cartilage. See 38 C.F.R. § 4.71a (2015). 

A claimant who meets more than one criterion for rating knee disability may be separately rated for each factor of disability shown, as long as the disabling symptoms to be rated under each diagnostic code are not overlapping. See 38 C.F.R. § 4.14 (2015). Any separate disability rating must be based on additional disabling symptomatology that meets the criteria for a compensable rating. VAOPGCPREC 23-97; VAOPGCPREC 9-98. 

A VA examination report dated in September 2007 shows that the VA examiner indicated that the Veteran's right knee disability was manifested by painful (motion with , and slight instability(based on anterior and posterior cruciate ligaments stability and medial and lateral meniscus testing.

A VA examination report dated in December 2013 shows that the VA examiner indicated that the Veteran's right knee disability was manifested by limitation of flexion, and a history of a meniscal tear with a January 2006 meniscectomy, but without residual symptoms. The examiner concluded that the Veteran's status post knee ACL reconstruction and partial meniscectomy resulted in mild functional limitations.

A VA examination report dated in July 2014 shows that the VA examiner indicated that the Veteran's right knee disability was manifested by full range of motion, and a history of a meniscal tear with a January 2006 meniscectomy, but without residual symptoms. The examiner concluded that the Veteran's status post knee ACL reconstruction and partial meniscectomy resulted in minimal functional limitations.

A VA examination report dated in June 2015 shows that the VA examiner indicated that the Veteran's right knee disability was manifested by painful limitation of flexion; no joint instability; and a history of ACL reconstruction with partial meniscectomy, with no residuals.

The VA examiners of record have not distinguished the Veteran's right knee residuals resulting from the ACL reconstruction from his symptoms resulting from his partial meniscectomy. Thus, the Board finds that the clinical findings of record do not include sufficient information to enable the Board to provide an explanation as to why a separate rating for symptomatic dislocated or removal of semilunar cartilage would not be based solely on the symptoms of right knee pain, limitation of motion, and instability already rated under the compensable disability ratings under Diagnostic Codes 5257 and 5260. 

Accordingly, the AOJ should arrange for the Veteran to undergo an additional VA examination by an appropriate medical professional. The Veteran is hereby notified that failure to report to the scheduled examination, without good cause, may result in denial of his claims for higher ratings. See 38 C.F.R. § 3.655 (2015). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant and death of an immediate family member.

Prior to arranging for the Veteran to undergo further VA examination, to ensure that all due process requirements are met, and the record is complete, the AOJ should also give the Veteran another opportunity to provide additional information and/or evidence pertinent to the matters on appeal, explaining that he has a full one-year period for response. See 38 U.S.C.A. § 5103(b)(1) (West 2014); but see also 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). The AOJ should specifically request that the Veteran provide, or provide appropriate authorization for it to obtain, any outstanding private (non-VA) medical records.

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2015).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the matters on appeal. The AOJ's adjudication of these claims should include specific consideration and discussion of whether a separate, compensable rating for the right knee under Diagnostic Code 5258 or 5259 is warranted.

Accordingly, these matters are hereby REMANDED for the following action:

1. Furnish to the Veteran and his representative a letter requesting that the Veteran provide information and, if necessary, authorization, to obtain any additional evidence pertinent to the matters on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent, private (non-VA) medical records.

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

2. If the Veteran responds, obtain all identified evidence not currently of record, following the procedures set forth in 38 C.F.R. § 3.159 (2015). All records/responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran and his representative of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

3. After all records and/or responses received from each contacted entity have been associated with the claims file, arrange for the Veteran to undergo VA examination of his right knee by an appropriate medical professional.

The entire electronic record (in VBMS and Virtual VA), to include a complete copy of this REMAND, must be made available to the designated examiner, and the examination report should include discussion of the Veteran's documented medical history and assertions. All appropriate tests and studies (to include x-rays should be accomplished (with all results made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail 

The examiner must conduct a detailed orthopedic examination, to include addressing limitation in range of motion, instability and/or subluxation, and ankylosis of the right knee joint. 

The examiner should identify and describe the specific residuals of dislocation of cartilage, status post-meniscectomy, to include identification of all residuals of right knee meniscectomy, as well as provide an opinion as to the etiology of the Veteran's instability, and an opinion as to whether any dislocated cartilage remains in the right knee. To the extent possible, the examiner should differentiate the Veteran's post-meniscectomy joint pain residuals from residuals due to his right knee ACL reconstruction. 

The examiner should conduct range of motion testing of the right knee (expressed in degrees). The examiner should render specific findings as to whether, during the examination, there is objective evidence of pain on motion, weakness, excess fatigability, and/or incoordination associated with the left knee. If pain on motion is observed, the examiner should indicate the point at which pain begins. In addition, the examiner should indicate whether, and to what extent, the Veteran experiences likely functional loss of the right knee due to pain and/or any of the other symptoms noted above during flare-ups and/or with repeated use; to the extent possible, the examiner should express any such additional functional loss in terms of additional degrees of limited motion. 

If there is no pain on motion, no limitation of motion and/or no limitation of function, such fact(s) must be noted in the report.

The examiner should also indicate whether there is lateral instability and/or recurrent subluxation in the right knee. If so, the examiner should, based on the examination results and the Veteran's documented medical history and assertions, assess whether such is best characterized as slight, moderate or severe. 

Further, the examiner should indicate whether there is any ankylosis of the knee joint; and, if so, describe the extent of such ankylosis.

The examiner must provide a comprehensive report including complete, clearly-stated rationale for the conclusions reached, citing the specific objective medical findings and/or assertions supporting such conclusions.

4. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

5. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the matters on appeal in light of all pertinent evidence (to include all that added to the VBMS and Virtual VA file(s) since the last adjudication) and legal authority (to include specific consideration and discussion of whether a separate, compensable rating for the right knee under Diagnostic Code 5258 or 5259 is warranted).

6. If any benefit sought on appeal remains denied, furnish to the Veteran and his representative an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether any benefit(s) requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).